CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
APR 0 2 2008
JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, ) | Criminal Action No. 5:06CR00039-003 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DONALD RAY HOLMES, )<br>    Defendant. ) | By: Hon. Glen E. Conrad<br>United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence pursuant to the United States Sentencing Commission's retroactive application of the amended guidelines pertaining to crack cocaine. For the following reasons, the court finds no viable reason why the defendant should not benefit from the amended guidelines.

On April 3, 2007, the defendant, Donald Ray Holmes, pled guilty, pursuant to a written plea agreement, to one count of conspiring to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. The defendant was sentenced on August 13, 2007. Under the advisory sentencing guidelines, the defendant had a total offense level of 31 and a criminal history category of IV, resulting in a guideline range of imprisonment of 151 to 188 months. The court granted a substantial assistance motion filed by the government pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and ultimately sentenced the defendant to a 93-month term of imprisonment.

Pursuant to its statutory authority, the Sentencing Commission amended the sentencing guidelines applicable to criminal cases involving crack cocaine, or cocaine base, effective November 1, 2007. Specifically, the Sentencing Commission amended the drug quantity table set forth in U.S.S.G. § 2D1.1(c), such that the base offense levels for crack cocaine offenses were generally lowered by two levels. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to

offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 29, resulting in a guideline range of imprisonment of 121 to 151 months. On February 20, 2008, the court notified the parties that the court proposed to reduce the defendant's term of imprisonment from 93 months to 74 months.[*] The government subsequently objected to the proposed sentence reduction, and the defendant has now filed a response. For the reasons that follow, the court will overrule the government's objections and effect the proposed reduction in the defendant's sentence.

The government makes two objections to the proposed reduction. The government first asserts that the defendant personally distributed cocaine base. The government also objects to the proposed sentence reduction on the basis that the defendant's criminal record is "poor." As the defendant points out in his response, however, the defendant's role in the conspiracy and his criminal history were fully considered by the court when the defendant was originally sentenced. Consequently, the court finds that neither factor cited by the government should now prevent the defendant from benefitting from the amended guidelines.

The court notes that in sentencing this defendant, the court relied heavily on the advisory guidelines in establishing a starting point for determining a fair and just sentence. In the court's

---

[*] The 74-month term of imprisonment proposed by the court represents a reduction from the amended guideline range that is comparable to the term of imprisonment that the defendant originally received in light of the government's substantial assistance motion. See U.S.S.G. § 1B1.10(b)(2)(B) (2007 Supp.) ("If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.").

view, the amendments to the guidelines pertaining to crack cocaine represent a change in the fundamental philosophy and statistical assessment upon which the advisory guidelines are premised. In accord with this change in philosophy, and having considered the factors set forth in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10 (2007 Supp.), the court will reduce the defendant's sentence to 74 months. All other terms of the original sentence will remain the same.

  The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

  ENTER: This 1st day of April, 2008.

                _____
                United States District Judge